Nicholas M. Pette, J.
Motion by the plaintiffs for an order punishing the defendants, their agents, servants and employees, for violating the order of this court, dated December 14, 1956, which restrained the defendants from striking against the plaintiffs, interfering in an unlawful manner with the business and property of the plaintiffs, maintaining a picket line at or near their place of business and interfering in any way with delivery of merchandise to or shipment of merchandise from their place of business and creating a false impression that a labor dispute existed between the plaintiffs and the defendants, or, in the alternative, why an order should not be made and entered herein resettling the said order so as to extend its effective date until such time as the National Labor Relations Board has certified a collective bargaining agent of plaintiffs’ employees.
There is now pending in this action before an Official Referee a hearing on a previous motion made by the plaintiffs to punish the defendants for violation of the order involved, and a motion on behalf of the defendants to vacate that order. Inasmuch as issues of fact are presented herein as to whether that order has again been violated, and, indeed, whether it still subsists in view of the first ordering clause thereof which provides for the restraint “until the expiration of the term of the collective bargaining agreement presently existing between plaintiffs, Lenscraft Optical Corporation and Local 122, I. J. W. U., A. F. L.”, the motion to punish is respectfully referred to the same Official Referee to hear and determine.
*291 It is to be noted that the plaintiffs contend that the contract referred to in the order of December 14, 1956 was, by its terms, automaticallly renewed and consequently the restraining order extended. The defendants urge, on the other hand, that the agreement, by its terms, expired and as a result the restraining order is no longer in effect. They point to a possible oral extension that may have been made on July 22, 1957 to extend the original agreement until such time as the National Labor Relations Board has certified a collective bargaining agent of the plaintiffs, but such an agreement they claim, however, was without the knowledge, consent or approval of plaintiffs’ employees and contrary to their best interests. All of these matters cannot be summarily disposed of and require a plenary hearing.
In view of the foregoing disposition, the court has no occasion to pass upon the alternative branch of the motion. In any event, the order cannot be resettled except by the Justice who made the original and whether there is any basis for resettlement depends upon the determination of the question whether that order still subsists.
Submit order.